**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**


RAYMOND CARTWRIGHT, JR.,          )
                                  )
                Petitioner,       )
v.                                )        No. 2:09-cv-404-WTL-DML
                                  )
HELEN J. MARBERRY,                )
                                  )
                Respondent.       )


**Entry Discussing Pending Motions**

**I.**

The petitioner's "motion estoppel by laches" (dkt 14) is **denied.** The reason for this ruling is that petitioner focuses on features of his trial and not on features of this action for habeas corpus relief.  The present action is proceeding promptly and properly.


**II.**

Petitioner's motion makes reference to an action brought pursuant to 28 U.S.C. § 2255. The petitioner shall submit a copy of such motion and a copy of the docket in the case(s) pertaining thereto, all within 21 days from the issuance of this Entry.


**III.**

The petitioner's motion to appoint counsel (dkt 15) has also been considered.

The Sixth Amendment right to counsel does not apply in *habeas corpus* actions. *Coleman v. Thompson*, 501 U.S. 722, 755, 111 S. Ct. 2546, 2568 (1991). However, a district court does have the authority to appoint counsel to represent a habeas petitioner whenever it "determines that the interests of justice so require. . . ."  18 U.S.C. § 3006A(a)(2)(B). Whether to appoint counsel is committed to the discretion of the trial court. *United States v. Evans,* 51 F.3d 287 (10th Cir. 1995). Factors which the court may consider include: (1) whether the merits of the indigent's claim are colorable; (2) ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) capability of the indigent to present his case; and (5) complexity of the legal issues raised by the complaint. *Wilson v. Duckworth,* 716 F.2d 415, 418 (7th Cir. 1983).

Neither based on the asserted complexity, nor on any other discernible basis, is this an action in which it is in the interests of justice to appoint counsel for the petitioner. Accordingly, the petitioner's motion for appointment of counsel (dkt 15) is **denied.**

**IT IS SO ORDERED.**

Date: 05/14/2010

Distribution:

Raymond Cartwright, Jr.
Reg. No. #40896-074
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

Gerald A. Coraz
United States Attorney's Office
gerald.coraz@usdoj.gov

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana