**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RAYMOND CARTWRIGHT, JR.,  )<br>  )<br>    Petitioner,  )<br>v.  )    No. 2:09-cv-404-WTL-DML<br>  )<br>HELEN J. MARBERRY,  )<br>  )<br>    Respondent.  ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

  Having considered the pleadings and the expanded record in this action brought by Raymond Cartwright, Jr. seeking a writ of habeas corpus, and being duly advised, the court finds that Cartwright's petition must be **denied.** This conclusion is based on the following facts and circumstances:

  1. Cartwright is confined in this court serving the executed portion of a sentence imposed by the United States District Court for the Eastern District of Tennessee.

  2. Cartwright seeks habeas corpus relief based on his contention that the sentence imposed by the trial court was illegal because it was based upon inaccurate information included in his Presentence Investigation Report.

  3. Cartwright seeks relief pursuant to 28 U.S.C. § 2241. This statute is unquestionably properly used to attack "the execution, not the validity, of the sentence." *United States v. Ford,* 627 F.2d 807, 813 (7th Cir. 1980), *cert. denied, Ford v. United States,* 449 U.S. 923 (1980); *see Atehurta v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). A federal prisoner challenging the validity of his conviction or sentence generally must do so under 28 U.S.C. § 2255. *See, e.g., Unthank v. Jett,* 549 F.3d 534, 534 (7th Cir.2008). Only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention" may the prisoner use § 2241 for this purpose. 28 U.S.C. § 2255(e); *see also Collins v. Holinka,* 510 F.3d 666, 667 (7th Cir. 2007). Section 2255 motions are brought before the original sentencing court. *See United States v. Prevatte,* 300 F.3d 792, 796 (7th Cir. 2002).

4.     Cartwright is in the process of utilizing the remedy afforded by § 2255 in the sentencing court. His contention is that the remedy via § 2255 has become ineffective and/or unavailable because his particular § 2255 action has been dormant for a substantial period of time. The pivotal question, therefore, is whether Cartwright has met his burden of showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). (It is the inmate's burden to show that a § 2241 remedy is the proper one. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001); *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir. 1999)).

5.     Despite Cartwright being physically present in this District, he is not entitled to prevail in his habeas claim. There is no feature about his claim or the other circumstances he describes suggesting that a remedy via § 2255 has been inadequate or ineffective to test the legality of his detention. He may seek explanations for the delay or seek an end to it from the trial court or from the Sixth Circuit.

The petition for writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**


Date:  08/02/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana